IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK E. FERRARI, | ) |
| Plaintiff, | ) Civil Action No. 06-94 |
| v. | ) Judge Gary L. Lancaster |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) Doc. 26 |
| Defendant. | ) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.  October 24, 2007

Presently before the Court is Plaintiff's Amended Application for Attorney's Fees and Related Costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 26) ("Application"). Plaintiff filed the present action on January 20, 2006, seeking judicial review of the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income. Both sides filed a motion for summary judgment and Plaintiff filed a reply to Defendant's motion. The Court granted Plaintiff's motion for summary judgment and denied Defendant's motion for summary judgment, and reversed the decision of the Commissioner of Social Security denying an award of disability insurance benefits and supplemental security income and remanded the case for rehearing and further proceedings (Doc. 21). The Court entered final judgment on March 14, 2007 (Doc. 22). Subsequently, Plaintiff filed the instant Application on May 7, 2007, and Defendant has filed a brief in opposition to Plaintiff's Application.

Plaintiff's counsel requests an award of attorney's fees in the amount of $ 13,600.00 and

costs of $ 20.12. Defendant objects to the amount of attorney's fees requested, asserting that the number of hours claimed (83.25 hours) is unreasonable. Accordingly, Defendant requests that the number of compensable hours be reduced to 35.85 hours, resulting in reduced attorney's fees of $5,856.81.[1]

Plaintiff's counsel has attached to the Application an affidavit listing the various hours claimed, along with descriptions of the tasks completed for each entry. Plaintiff's counsel asserts, and Defendant does not dispute, that the hourly rate for the hours claimed is $ 163.37. Additionally, Defendant is not claiming that his position was substantially justified. For the reasons set forth below, the Court will reduce the request for attorney's fees by $ 2,049.74 and award $ 11,550.26 in attorney's fees, and will award $ 20.12 in costs.

### A.     **Attorney's Fees**

The party requesting attorney's fees bears the burden of establishing that his request is reasonable. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the requesting party is required to provide evidence supporting the hours worked and the rate claimed. *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983))  In a statutory fee case such as the present one, the party opposing the fee petition must present any objections, either in an affidavit or brief, with sufficient specificity to give the fee petitioner notice of the basis for its challenge to the

---

[1]After Defendant filed his opposition to Plaintiff's Application, Plaintiff filed an Amended Application which, in addition to eliminating entries for clerical tasks objected to by Defendant, added 10.6 hours for preparation of the EAJA Application, supporting documents and brief. Defendant did not file any opposition to the additional fees claims for the EAJA Application. Thus, Defendant's request that the compensable hours be reduced to 35.85 hours does not include the 10.6 hours he did not object to for the EAJA Application. Therefore, the Court views Defendant's request for reduction to actually be for 46.45 hours, which multiplied by the hourly rate of $ 163.37, results in reduced attorney's fees of $ 7,588,53, not the $ 5,856.81 claimed by Defendant in his opposition to the Plaintiff's Application.

reasonableness of the requested fee. *Id.* (citing *Bell v. United Princeton Prop., Inc.,* 884 F.2d 713 (3d Cir. 1989)). A district court is precluded from decreasing a fee award based on factors not raised by the opposing party. *Id.* (citing *Bell,* 884 F.2d at 720; other citation omitted). However, once the opposing party challenges the fee petition, the district court has wide discretion to adjust the fee award in light of the objections. *Id.* (citing *Bell,* 884 F.2d at 721).

In determining the reasonableness of the requested fee, the court "'should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Maldonado v. Houston,* 256 F.3d 181, 184 (3d Cir. 2001) (quoting *Public Interest Research Group of N.J., Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir. 1995) (other citations omitted)); *see also Rode,* 892 F .2d at 1183 (citing *Hensley,* 461 U.S. at 433). Accordingly, the courts "have a positive and affirmative function in the fee fixing process, not merely a passive role." *Maldonado,* 256 F.3d at 184.

The Court now turns to Defendant's specific challenges to the number of hours claimed by Plaintiff's counsel.

First, Defendant objects to the reasonableness of the 4.55 hours billed from January 3, 2006 to February 28, 2006 for preparing, serving and filing Plaintiff's *In Forma Pauperis* petition and complaint. In support, Defendant argues that the complaint was 1 1/2 pages and contained outdated, boilerplate language, and that such language, as well as preparation of summonses, certificates of service, and filing tasks, are clerical in nature, for which Plaintiff's counsel is not entitled to compensation. Defendant requests a reduction to 2.1 hours of attorney time. Plaintiff responds that Defendant's objection implies that she spent the entire 4.55 hours on a 1 1/2 page form complaint.

3

Rather, Plaintiff contends the 4.55 hours includes time spent on gathering information for the IFP petition from the claimant, reviewing that information with the claimant for thoroughness and accuracy, and amending same when the claimaint realized he had provided some inaccurate information to counsel. Plaintiff argues that her work involving the IFP required professional knowledge/skills of an attorney and did not constitute a simple clerical task The Court finds that the 1.8 hours billed from January 3, 2006 through January 17, 2006 on the IFP petition and complaint was reasonable and not spent on a clerical task. However, the remaining entries from January 19, 2006 through February 28, 2006 all involve downloading and completing forms for service of process, and thus, are the types of tasks that could be performed by support staff and are not compensable. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990); *Walton v. Massanari,* 177 F. Supp. 2d 359, 365 (E.D.Pa. 2001) (citing *Coup v. Heckler,* 706 F. Supp. 405, 408 (W.D.Pa. 1989)); *Bielic v. Bowen,* 675 F. Supp. 200, 204 (D. N. J. 1987). Thus, the Court will disallow 2.75 hours of the 4.55 claimed between January 3, 2006 and February 28, 2006.

Next, Defendant challenges the 41.5 hours claimed by Plaintiff's counsel, from April 19, 2006 to April 24, 2006, for reviewing the record and researching, preparing, and filing her motion for summary judgment. Defendant submits that a reasonable time for drafting Plaintiff's 24-page brief is 21.8 hours, since there were no novel issues in this case. Defendant offers no explanation as to how he arrived at this number. Plaintiff's counsel responds that the Magistrate Judge considered this case complex enough to write a 62-page report and recommendation, which was adopted by this Court in full. Plaintiff's counsel further submits that many different and complex issues were raised including the issue of the ALJ's bias and lack of due process, which are not common issues or frequently proven. In addition, Plaintiff's counsel points out she is not the same

counsel who represented the Plaintiff before the administrative agency, and the record here was lengthy at 408 pages. According to Plaintiff's counsel, due to their fact-intensive nature, social security cases require a careful application of the law to the testimony and documentary evidence, and therefore, the time billed for these tasks is reasonable. In support of her position, Plaintiff's counsel cites *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998), and *Walton v. Massanari*, 177 F. Supp. 2d 359, 361 (E.D.Pa. 2001). The Court finds no merit to Defendant's objection. The Court notes that the 41.5 hours include time spent by current counsel, who was not familiar with the record, to review 408 pages of records, conduct legal research and prepare a 24-page brief that discussed the medical evidence in considerable detail. In light of these circumstances, the Court finds the time billed was not unreasonable. *Gibson-Jones,* 995 F. Supp. at 827 (holding that 65.75 hours billed for time spent on various aspects of the social security appeal at the district court was reasonable in light of the size of the administrative record (over 400 pages of medical records) and the fact specific nature of the case). Moreover, not all of the 41.5 hours were spent on drafting the brief and, in any event, the time claimed falls within the amount found to be reasonable by the district court in *Walton,* 177 F. Supp. 2d at 365 (finding approximately two hours per page of an appellate brief was reasonable amount of time to charge (citing *Maldonado*, 256 F.3d at 185-87)). Therefore, the Court will not reduce the 41.5 hours claimed by Plaintiff's counsel for review of the extensive record, legal research on uncommon issues, and preparation of her summary judgment brief.

Next, Defendant challenges .55 hours billed on May 16, 2006 to May 17, 2006 for receipt of ECF notice of Defendant's brief, attempting to unsuccessfully download a free copy, and telephone conference with an ECF technician regarding downloading problems, as clerical and

therefore not compensable. Plaintiff's counsel responded by deleting the time charged for the May 17, 2006 entry. As to the entry on May 16, 2006 for .25 hours, the Court agrees with Defendant that this task could have been performed by support staff and is not compensable. Therefore, the Court will disallow the .25 hours billed on May 16, 2006.

Defendant next opposes the 13.8 hours billed from May 18, 2006 to June 2, 2006 for reviewing the Commissioner's summary judgment motion and brief and preparing, researching, and filing a reply brief. Defendant submits that Plaintiff's counsel had already briefed this case and therefore, her reply should not have taken a day and a half to complete. The Commissioner asserts that 5.2 hours is a reasonable amount of time for these tasks. Plaintiff's counsel responds that she does not ordinarily file a reply brief but felt compelled to do so here to address an inaccuracy in the Commissioner's brief, to refute the Commissioner's statement regarding burden of proof and to address two other issues. Plaintiff's counsel also submits the same response that she provided to Defendant's challenge to the hours billed for the summary judgment brief. After reviewing Plaintiff's reply brief, the Court concludes that some reduction in the number of hours billed is warranted. The entry on May 18, 2006 for reviewing Defendant's summary judgment brief is reasonable and will not be reduced. The remaining entries on May 27, 2006 to June 2, 2006 represent 13.3 hours for time spent researching and preparing the reply brief. Of the seven total pages of substantive text in the reply brief, two pages (pages 6 and 7) appear to have been cut and pasted from Plaintiff's previous briefs; two pages are devoted to the burden of proof argument, which while new, is not novel or uncommon; and three pages contain new material in response to

Defendant's arguments in his summary judgment brief. Therefore, the Court concludes that 60 % of the 13.3 hours billed for the reply brief is reasonable and not excessive, and thus will allow 8.0 hours for this work.

Defendant also objects to 1.75 hours billed from February 6, 2007 to February 8, 2007 for technical difficulties counsel had with ECF and telephone calls with court staff to correct those problems. In response, Plaintiff's counsel deleted those hours from her fee petition.

Next Defendant opposes the 9.0 hours billed by Plaintiff's counsel from February 23, 2007 to March 8, 2007 for reviewing the Commissioner's objections to the Magistrate Judge's report and recommendation, conferring with her client, and preparing, researching, and filing a response to the objections. Defendant submits that given that Plaintiff's counsel had already briefed this case and filed a reply, her response to the objections should not have taken more than a day, and therefore, 3.2 hours is a reaonsable amount of time for these tasks. Plaintiff's counsel responds that she found it necessary to respond to the Commissioner's objections due, in part, to the Commissioner's able arguments, and to address Commissioner's reliance on a non-precedential Third Circuit opinion. After reviewing Plaintiff's brief in response to the Commissioner's objections to the Magistrate Judge's report and recommendation, the Court concludes that some of the entries appear to be excessive, and therefore, some reduction in the number of hours billed is warranted. On February 23, 25 and 27, 2007, Plaintiff's counsel billed .25 hours for receipt and review of Defendant's objections, further review of the records and objections, and a telephone conference with Plaintiff to discuss the objections which were filed by Defendant, respectively. The Court finds this time is

7

reasonable for the work performed. From March 1, 2007 though March 8, 2007, Plaintiff's counsel billed 8.25 hours for legal research and preparation of her response to Defendant's objections, and for filing her response. The Court will disallow the .25 hours billed on March 8, 2007 for filing her response to the objections, as this task is clerical in nature and therefore is not compensable. Of the remaining 8.0 hours billed on the response brief, the Court will disallow 4.0 hours, as three pages (pages 3, 4 & 7) of the seven pages of substantive text were copied verbatim from her previously filed briefs, and counsel only cited and discussed one new case, which should not have involved much additional legal research. Accordingly, the Court will allow a total of 4.75 hours as a reasonable amount of time spent on the tasks billed from February 23, 2007 through March 8, 2007.

Finally, Defendant takes issue with two entries on March 31, 2007 and April 3, 2007 totalling .30 hours for email correspondence received from and sent to Plaintiff. Defendant maintains that this time did not require attorney work and thus requests that it be deleted from the fee petition. Plaintiff's counsel does not provide any response to this objection. The Court finds, nonetheless, that communicating with a client about his case, whether it be in electronic form or a more traditional paper form, is a task that can be performed by attorneys. Moreover, Plaintiff's counsel may have communicated other information in the email besides attaching a document. Therefore, the Court declines to disallow .30 hours billed from March 31, 2007 to April 3, 2007.[2]

---

[2]Defendant also argues that the reduced fee that he suggests, *i.e.,* $ 5,856.81, is more consistent with payments in other cases in the Western District of Pennsylvania, and in support, notes that the average EAJA fee paid by the Commissioner from October 2006 to April 2007 was $4,202.52. Defendant does not provide any source for this information. In response, Plaintiff submits she is unable to respond adequately as she is unaware of the source for Defendant's

Accordingly, the total number of hours allowed as reasonable and not excessive on Plaintiff's Application is 70.70 hours. Multiplying the 70.70 hours times the hourly rate of $ 163.37 results in allowable attorney's fees of $ 11,550.26.

**B.** **Expenses**

Defendant has not objected to Plaintiff's request for an award of $ 20.12 for expenses. Therefore, the Court will award Plaintiff's counsel $ 20.12 for expenses.

Therefore, IT IS HEREBY ORDERED that Plaintiff is awarded attorney's fees in the amount of $ 11,550.27 and costs in the amount of $ 20.12.

BY THE COURT:

/s/ Gary L. Lancaster
GARY L. LANCASTER
United States District Judge

cc:   All Counsel of Record
      *Via Electronic Mail*

---

figure. In any event, Plaintiff's counsel submits that the "average" award would include cases in which no reply brief, objections to reports and recommendations (or responses thereto), or briefs on EAJA issues were filed, and indeed, she herself has rarely filed an EAJA petition for more than $ 4,000 to $ 5,000. The Court does not find Defendant's argument persuasive, in light of the specific circumstances of this case, as noted above.